I would affirm the decision of the Court of Criminal Appeals. In doing so, I would not find it necessary to hold that the defendant must be discharged any time the state loses control of a material witness, People v. Mejia, 57 Cal.App.3d 574,129 Cal.Rptr. 192 (1976). I would not extend Roviaro v. UnitedStates, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), requiring that a confidential informer who is an active participant in an illegal transaction must be made known to the accused, with address, if this information is properly requested. But I would apply the rule laid down in Ferrari v. United States,244 F.2d 132 (9th Cir. 1957), cert. denied sub nom Cherpakov v.United States, 355 U.S. 873, 78 S.Ct. 125, 2 L.Ed.2d 78 (1957), holding that although the state is generally under no obligation to look for defense witnesses, such an obligation may arise where a showing has been made that a material witness was unavailable to the defense "through the suggestion, procurement, ornegligence" of the state. Ferarri v. United States, at 141 (emphasis added).
The facts of this case are sui generis. Gates, the material witness in this case, was being paid bi-weekly to inform on others. His additional pay was the state's promise to dismiss several felony drug charges lodged against him. Gates had been indicted in Montgomery for the sale of a controlled substance and had been arrested in Elmore County on five drug offenses prior to his undercover activities in this case. At one point in time, Gates told state ABC agents that he feared for his life and he was leaving the country. Yet, they did not lift a finger to stop him. Can it conscientiously be said that the state was dealing fairly in these circumstances when it allowed a charged felon to leave the jurisdiction and probably the country without bothering to stop him because his usefulness to them was over? I say not. Furthermore, I think it was their duty and responsibility to jail Gates when they heard from his own lips that he intended to breach the undertaking of his bond. These actions clearly violate the rule that the state cannot negligently allow a material witness to be made unavailable to the defense. Ferarri v. UnitedStates, supra. Compounding its wrongdoing, the state dutifully nol-prossed the Montgomery indictment and "no billed" the five drug charges in Elmore County after Gates had left the jurisdiction. This court's ruling today, reversing the Court of Criminal Appeals, opens the door to the state's looking the other way when a paid informant's usefulness is over and to the possible conviction of an innocent defendant. This seems, in my opinion, to offend our constitutional sense of fair play.
JONES and EMBRY, JJ., concur. *Page 803